UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON,<br><br>                               Plaintiff,<br><br>            -against-<br><br>APTDECO, INC. et al.,<br><br>                              Defendants. | 23 Civ. 10816 (DEH)<br><br>**<u>ORDER OF DISMISSAL</u>** |

DALE E. HO, United States District Judge:

      Plaintiff filed her Complaint on December 13, 2023. ECF No. 1. On March 5, 2024, the Court "So Ordered" the parties' joint stipulation stating, *inter alia*, that this case was to be stayed pending the completion of the parties' arbitration proceedings. ECF No. 13. The Court ordered the parties to file a joint status letter within seven days of the completion of arbitration proceedings proposing next steps, if any, in this litigation. *Id.*

      After one year passed without any such joint letter, the Court issued an Order directing the parties to file a joint status letter by April 14, 2025, informing the Court about the status of arbitration. ECF No. 15. Plaintiff's counsel subsequently filed a letter on April 14, 2025, stating that "Plaintiff ha[d] not commenced an arbitration proceeding as of the date of th[at] letter" and that "[s]hould the parties not be able to come to a mutual resolution on their own, Plaintiff intend[ed] to commence an arbitration proceeding on or before May 14, 2025." ECF No. 16. The Court then ordered the parties to "file a further joint status letter either within seven (7) days of any completed arbitration proceedings or by July 15, 2025, whichever c[ame] first." ECF No. 17.

      On July 15, 2025, Plaintiff's counsel filed a letter seeking an extension of time to file a joint status letter because Plaintiff had "ceased communicating" with counsel. ECF No. 18. The Court granted this request, ordering the parties to file a joint status letter by July 31, 2025. ECF No. 19. The Court stated that "[i]n the event that Plaintiff continue[d] to remain unresponsive to efforts by

Plaintiff's counsel to re-establish communication, Plaintiff's counsel is directed, in the status letter, to show cause why this case should not be dismissed for failure to prosecute." *Id.*

Plaintiff's counsel filed a subsequent letter on July 31, 2025, in which he requested a further extension of time to file a joint status letter because he "require[d] additional time to re-establish contact with Plaintiff." ECF No. 20. The Court issued an Order granting Plaintiff's counsel's request in part. ECF No. 21. The Court stated:

> The Court's prior Order, dated July 18, 2025, directed Plaintiff's counsel "to show cause why this case should not be dismissed for failure to prosecute" in his next status letter if he had not been able to reach Plaintiff before then. ECF No. 19. The endorsed letter reflects that Plaintiff's counsel remains unable to reach Plaintiff, and the letter does not show cause why the case should not be dismissed. Therefore, it is hereby ORDERED that Plaintiff file a letter by Tuesday, August 5, 2025, showing cause why this case should not be dismissed for failure to prosecute.

*Id.* Plaintiff's counsel's last letter, filed August 5, 2025, states, *inter alia*, that "Plaintiff has ceased communicating with the undersigned law firm, and has failed to respond to multiple emails and phone calls, rendering it impossible for the undersigned law firm to comply with the directives in the Court's Orders." ECF No. 22.

"The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of [her] failure to prosecute, a power that is 'necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'" *Funes v. City of New York*, No. 18 Civ. 9558, 2021 WL 962942, at *1 (S.D.N.Y. Jan. 7, 2021) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). A court's power to dismiss a case for failure to prosecute is pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b); *see also Murphy v. Spaulding*, No. 20 Civ. 9013, 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) ("Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff 'fails to prosecute or to comply with these rules or a court order.'" (quoting Fed. R. Civ. P. 41(b))).

"Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." *Murphy*, 2022 WL 1063138, at *1 (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

"Because dismissal is 'one of the harshest sanctions at a trial court's disposal,' it must be 'reserved for use only in the most extreme circumstances.'" *Funes*, 2021 WL 962942, at *1 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004)). "In considering a Rule 41(b) dismissal, courts must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is dispositive." *Murphy*, 2022 WL 1063138, at *1 (citing *LeSane*, 239 F.3d at 210).

In this case, on March 5, 2024 and at the parties' request, the Court ordered Plaintiff to "initiate an arbitration proceeding" "[i]n lieu of proceeding with this action pending in this Court." ECF No. 13. A year passed, and Plaintiff never initiated an arbitration proceeding. *See* ECF No. 16 (stating, in letter dated April 14, 2025, that "Plaintiff ha[d] not commenced an arbitration proceeding as of the date of this letter"). Plaintiff then ceased communicating with her counsel, prompting the Court to twice ask Plaintiff's counsel to show cause why this case should not be dismissed. *See* ECF Nos. 19, 21. Plaintiff's counsel, having lost contact with Plaintiff,[1] has been unable to do so. ECF No. 22.

---

[1] Indeed, Plaintiff's counsel reports that Plaintiff emailed him "stating that she wished to discontinue [his] law firm's services, without cause." ECF No. 22.

At this point, this case has been at a standstill since March 2024, and Plaintiff has ceased communicating with her counsel (and, by extension, with the Court). It is therefore ORDERED that Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. *See, e.g.*, *Santiago v. Annucci*, No. 20 Civ. 4530, 2022 WL 992890, at *1 (S.D.N.Y. Apr. 1, 2022) (dismissing case where Plaintiff, *inter alia*, failed to respond to the court's order to show cause or otherwise communicate with the court); *Murphy*, 2022 WL 1063138, at *1 (dismissing case where Plaintiff neither filed an amended complaint and did not communicate with the court for over seven months); *Murray v. Doe*, No. 24 Civ. 5849, 2025 WL 623698, at *2 (S.D.N.Y. Fed. 26, 2025) (dismissing case where, *inter alia*, Plaintiff failed to communicate with the court for seven months and had received notice that noncompliance with the court's order to show cause could result in dismissal).

The Clerk of Court is respectfully directed to close this case. Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff electronically and by overnight mail.

SO ORDERED.

Dated: October 2, 2025
      New York, New York

DALE E. HO
United States District Judge

4